UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
THOMAS CORKER,

                Plaintiff,

                                      ORDER
    -against-                      11-CV-3607(JS)(WDW)

COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, P.O. CRAIG L.
CAPALINO, Shield No. 5696,
individually and in his official
capacity, P.O. "JOHN DOE" #1-10,
individually and in their official
capacities,

                Defendants.
----------------------------------X
APPEARANCES:
FOR Plaintiff:       Thomas Corker, Pro Se
                        2008 Jackson Street, Apt. E2
                        Hollywood, Florida 33020

For Defendants:     No Appearance.

SEYBERT, District Judge:

        On July 26, 2011, pro se plaintiff Thomas Corker ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 against the County of Suffolk, the Suffolk County Police Department, P.O. Craig L. Capalino, Shield No. 5696, and ten "John Doe" police officers alleged to be from the Third Precinct of the Suffolk County Police Department (collectively, "Defendants"). Accompanying the Complaint is an application to proceed in forma pauperis. Plaintiff's request for permission to proceed in forma pauperis is GRANTED, but, for the reasons that follow, the Complaint is sua suponte dismissed as against the County of Suffolk, the Suffolk County Police Department, and the individual

Defendants sued in their official capacities. Plaintiff's remaining claims shall proceed.

## BACKGROUND

According to the brief, handwritten Complaint submitted on the Court's civil rights complaint form, on July 26, 2008, Plaintiff was assaulted by unidentified Suffolk County police officers from the Third Precinct who had been called to his home after receiving a 911 call that the Plaintiff had fallen. (Compl. at ¶ III). Plaintiff claims that his girlfriend requested that the police officers stay outside of Plaintiff's residence until EMS arrived. (Id.). Plaintiff alleges that the officers disregarded that request and entered his home. (Id.). Plaintiff describes that a verbal exchange between himself and the officers ensued and then Plaintiff claims he was assaulted by the officers. (Id.). As a result of the alleged assault, Plaintiff claims to have suffered injuries to his head, face, chest, neck and legs as well as a fractured eye orbit. (Compl. at ¶ IV). Plaintiff seeks an award of compensatory damages of $1 million and punitive damages against the individual defendants in the sum of $1 million. (Compl. at ¶ V).

## DISCUSSION

I. In Forma Pauperis

Having reviewed Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that he

is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's request for permission to proceed in forma pauperis is GRANTED.

II. Application of the Prison Litigation Reform Act

The Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(a)&(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's pro se Complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); (McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). Moreover, at this stage of the

proceeding, the Court assumes the truth of the allegations in the Complaint. See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. County of Suffolk, No. 07-CV-2138 (RRM)(ARL), 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

A municipal body, such as a county, may not be held liable under Section 1983 for the unconstitutional acts of its employees absent an allegation that such acts are attributable to a municipal custom, policy or practice. See Monell v. New York

4

City Dep. of Social Services, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2035-36, 56 L. Ed. 2d 611 (1978); see also Hartline v. Gallo, 546 F.3d 95, 103 (2d Cir. 2008) (Section 1983 requires a plaintiff suing a municipality to show "an injury to a constitutionally protected right . . . that . . . was caused by a policy or custom of the municipality or by a municipal official 'responsible for establishing final policy.'"). With these standards in mind, the Court considers the Plaintiff's claims.

    A. <u>Claims Against the Suffolk County Police Department</u>

As a threshold matter, the Plaintiff purports to allege a Section 1983 claim against the Suffolk County Police Department. However, the Suffolk County Police Department is an "administrative arm" of the County of Suffolk and, thus, "lacks the capacity to be sued" under Section 1983. Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); see also Carthew v. County of Suffolk, 709 F. Supp. 2d 188, 195 (E.D.N.Y. 2010) (Suffolk County police department is an administrative arm of the County and lacks the capacity to be sued). Accordingly, the Complaint is dismissed as against the Suffolk County Police Department.

    B. <u>Claims Against the County of Suffolk and the Individual Defendants Sued in their Official Capacities</u>

To the extent that the Complaint purports to allege a Section 1983 claim against the County based on the misconduct of its personnel, such claims are insufficiently pled. Plaintiff wholly fails to allege that any of the challenged actions were

5

undertaken pursuant to a municipal policy, practice or custom that deprived Plaintiff of a constitutional right as is required by <u>Monell</u>, 436 U.S. 658 (1978) and its progeny. Accordingly, the Complaint fails to state a plausible claim against the County of Suffolk and the individual Defendants sued in their official capacities and these claims are thus dismissed.

    C.    <u>Claims Against P.O. Capalino and the John Doe Defendants Sued in their Individual Capacities</u>

As noted above, Plaintiff alleges that the individual Defendants, in their individual capacities, unlawfully entered his home and assaulted him in violation of his constitutional rights. Though thin, the Court declines to find at this stage that Plaintiff's constitutional claims against these Defendants sued in their individual capacities are implausible. Accordingly, the Court directs service of the Summons and Complaint upon Defendant Capalino.

It is not possible for the United States Marshals Service ("USMS") to serve the Defendants who are identified only as "John Doe" Suffolk County police officers from the Third Precinct. The Second Circuit has held that district courts must provide incarcerated <u>pro se</u> litigants with reasonable assistance in investigating the identity of "John Doe" police officers. <u>See</u> <u>Valentin v. Dinkins</u>, 121 F.3d 72 (2d Cir. 1997) (<u>per</u> <u>curiam</u>). Accordingly, the Court orders: (a) that the Clerk of the Court mail a copy of this Order and the Complaint to the Suffolk County

6

Attorney; and (b) that within (30) days of being served with this Order, the Suffolk County Attorney's Office shall attempt to ascertain the full names and badge numbers of the unidentified Defendants who participated in the incident alleged in the Complaint to have occurred "on July 26, 2008" (Compl. at ¶ III. B.) and provide that information and the address(es) where each such Defendant can be served to the Court. Once the Suffolk County Attorney's Office provides this information to the Court, Plaintiff's Complaint shall be deemed amended to reflect the full names of the "John Doe" Defendants, summonses shall issue, and the USMS shall serve those Defendants.

## CONCLUSION

For the reasons set forth above, the Plaintiff's application to proceed in forma pauperis is granted, the Complaint is sua sponte dismissed as to the County of Suffolk, the Suffolk County Police Department, and the individual Defendants sued in their official capacities pursuant to 28 U.S.C. § 1915A(b).

The Clerk of the Court is ordered to forward to the United States Marshal for the Eastern District of New York a copy of Plaintiff's Summons, Complaint and this Order for service upon Defendant Capalino without prepayment of the filing fee.

The Clerk of the Court is further ordered to mail a copy of this Order and the Complaint to the Suffolk County Attorney; and, within (30) days of being served with this Order, the Suffolk

7

County Attorney's Office shall attempt to ascertain the full names and badge numbers of the unidentified Defendants who participated in the incident alleged in the Complaint to have occurred "on July 26, 2008" (Compl. at ¶ III. B.). The Suffolk County Attorney shall provide that information and the address(es) where each such Defendant can be served to the Court. Once the Suffolk County Attorney's Office provides this information to the Court, Plaintiff's Complaint shall be deemed amended to reflect the full names of the "John Doe" Defendants, summonses shall issue, and the USMS shall serve those Defendants.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is denied for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August   12  , 2011
       Central Islip, New York